IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH JACKSON, SR., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ART OF LIFE, INC., et al. | : | NO. 10-3043 |

OPINION

JACOB P. HART                                                    DATE:   January 18, 2012
UNITED STATES MAGISTRATE JUDGE

On December 12, 2011, following a one day bench trial which took place on November 1, 2011, I entered judgement in favor of plaintiffs Keith Jackson, Sr., Kevin Joe, David Whaley, Gregory Reaves, Jr., and Aja Garlick (now Mrs. Reaves).  Plaintiffs sued defendants Art of Life, Inc., Advanced Life Support Ambulance, Inc., and Nick Broytman for overtime violations under the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, et seq.).  I awarded Plaintiffs $105,078.62 in damages, and invited them to submit a petition for reasonable attorney's fees and costs, as permitted by 29 U.S.C. § 216(b).

Plaintiffs subsequently submitted a fee petition, to which Defendants have responded.  As explained below, I will now enter an Order contemporaneous with this Opinion, ordering Defendants to pay Plaintiffs the sum of $83,533.00 in attorney's fees, and $2,897.04 in costs, for a total of $86,430.04.

I.  Applicable Law

The FLSA provides that "The court in such an action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of any action.  29 U.S.C. § 216(b), and see, e.g., Loughner v. University of Pittsburgh, 260 F.3d 173, 177 (3d Cir. 2001).

As the Court of Appeals for the Third Circuit has explained:

> In cases like this, we use the "lodestar" formula, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed.2d 40 (1983); Pennsylvania v. Delaware Valley Citizens Council for Clean Air, 478 U.S. 546, 106 S. Ct. 3088, 92 L. Ed.2d 439 (1986); Pennsylvania Environmental Defense [v. Canon - McMillan], 152 F.3d [228] at 232 [(3d. Cir. 1998)]. ... Generally, a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community. See Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed.2d 891 (1984); [Rode v.] Dellarciprete, 892 F.2d [1177] at 1183 [(3d Cir. 1990)].

Loughner v. University of Pittsburgh, supra, at 177-178, 180.

Moreover, the trial court must articulate the basis for a fee award at least to the extent that the record reflects that it fully comprehended the factual and legal issues and adequately performed the decision-reaching process. Loughner, supra, at 178, citing Pennsylvania Environ. Def., supra, at 232-233.

II.     Discussion

In this case, the defendants do not challenge the qualifications of plaintiffs' counsel, nor do they challenge the hourly rates they request. I further note that Plaintiff's petition was accompanied by several affidavits from well-respected trial attorneys affirming that the fees requested were reasonable, taking into account counsel's experience. Thus, the fee rates are not at issue here. Similarly, Defendants have not challenged the costs requested. Nevertheless, Defendants have raised two issues, which I have found to be partly meritorious.

A.    <u>Amy Y. Karpf, Esq.</u>

Amy Karpf is both an attorney and a C.P.A. She is a partner at the law firm of Karpf & Karpf, P.C. She was instrumental in compiling and analyzing the trial evidence, and in devising the methods by which counsel arrived at a damages calculation for each plaintiff. Amy Karpf did not try this case, or sit at counsel table, but she did attend the trial, and has billed 10.6 hours for that day.

Defendants maintain that the spreadsheets produced by Amy Karpf were actually "rather straightforward, simple calculations ... using a standard estimating figure." Response at ¶ 16. They also maintain that her presence was not necessary at trial, since she had already spent significant time explaining the spreadsheets to Ari Karpf, Esq., and Andrew Lease, Esq., who tried the case.

I cannot agree that the work Ms. Karpf performed was simple and straightforward. It required considerable accounting skill, since the Defendants did not produce a full set of time sheets for any one plaintiff, and since other information provided by Defendants was inconsistent with what Plaintiffs ultimately demonstrated were the actual facts of the case. Given the amount of estimation involved, it was crucial that the Plaintiffs convince the Court that their damages calculations were reliable.

Further, I cannot entirely agree that Ms. Karpf's presence at trial was unnecessary. In fact, I found it necessary to question her from the bench about her work. Trial Transcript at 25-35. Nevertheless, it is unusual to bill for two partners and one associate at a one-day trial of this rather modest magnitude. It would have been far more economical if trial counsel had been able to fully explain the damages spreadsheets by themselves. Alternatively, plaintiffs could have submitted an affidavit from Ms. Karpf, detailing her work, or could have simply made her

available for questioning for a few hours. For this reason, I have subtracted five hours from the 10.6 Plaintiffs have billed for Ms. Karpf to attend trial, for a reduction of $1,425.00.

B.   Allison McGlynn

Allison McGlynn is a paralegal assistant employed by Plaintiffs' counsel. She has applied for $3,277.50 in fees for work she performed on this case, at $95 per hour. Defendants argue that $1,349.00 of her work consisted of what they call "general secretarial tasks", which they argue did not require the services of a paralegal assistant, such as filing documents electronically, and copying, assembling and mailing documents.

Plaintiffs respond that, under Missouri v. Jenkins, 491 U.S. 274 (1989), secretarial expenses may be included in a fee award. However, the case does not really support this conclusion. Plaintiffs quote this section of the opinion:

> Clearly, a 'reasonable attorney's fee' cannot have been meant to compensate only work performed personally by members of the bar. Rather, the term must refer to a reasonable fee for the work product of an attorney. Thus, the fee must take into account the work not only of attorneys, but also of **secretaries**, messengers, librarians, janitors, and others whose labor contributes to the work product for which an attorney bills her client; and it must also take account of other expenses and profit.

491 U.S. at 285. (Emphasis supplied by plaintiffs).

The actual holding in Jenkins was that paralegal fees could be billed separately in a fee petition if the practice in the relevant legal community was to bill a client separately for them. However, it is not the practice anywhere to bill a client separately for librarian or janitor fees. Thus, the Supreme Court clearly did not mean that everyone named in that particular quote can set forth claims in a fee petition. It was simply acknowledging that legal work requires input from individuals other than the attorneys.

Thus, Defendants' argument has merit. On the other hand, I am not convinced that all of the services identified by Defendants as clerical can really be described in this way. For example, assembling documents can require legal familiarity with a case. Accordingly, I have reduced Ms. McGlynn's fees, but only by $700.00, instead of the $1,349.00 requested by Defendants.

III.   Conclusion

In accordance with the above discussion, I will direct the Defendants to pay Plaintiffs $85,333.00 in attorney's fees, and $2,897.04 in costs, for a total of $86,430.04. An appropriate order will be filed of even date.

BY THE COURT:

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE